FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2019 FEB -7 PM 1:59
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

GREGORY TRAINOR, and KIMBERLY )
TRAINOR, )
)
Plaintiffs, )
)
v. ) CASE NO. CV418-289
)
FLORIDA DIRT SOURCE, LLC, and )
CLEAR BLUE INSURANCE COMPANY, )
)
Defendants. )

## O R D E R

Before the Court are Plaintiffs' Request for Clerk's Entry of Default (Doc. 9) and Plaintiffs' Motion for Entry of Default Judgment (Doc. 15). Plaintiffs first requested the Clerk of Court enter default against Defendant Clear Blue Insurance Company ("Clear Blue") for its failure to serve or otherwise file an answer to Plaintiffs' claims in this action. (Doc. 9 at 1.) Plaintiffs then moved this Court for an entry of default judgment. (Doc. 15 at 1.) For the reasons that follow, Plaintiffs' Request for Clerk's Entry of Default must be **DENIED** and Motion for Default Judgment must be **DISMISSED AS MOOT**.

Plaintiffs filed their request for entry of default on January 16, 2019 and stated that "Defendant Clear Blue has not served nor filed any answer to Plaintiffs' claims in

the Complaint." (Id. at 2.) On the same day, January 16, 2019, Defendant Clear Blue filed its special appearance answer to the complaint. (Doc. 10.) Federal Rule of Civil Procedure 55(a) provides that "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default." As Defendant Clear Blue filed its answer on the same day that default was requested, Defendant Clear Blue has not failed to file proper pleadings in this action. Accordingly, this Court declines to place Defendant Clear Blue into default. This Court also notes the Eleventh Circuit's "strong preference for deciding cases on the merits—not based on a single missed deadline—whenever reasonably possible." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1332 (11th Cir. 2014); Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985) ("[W]e must respect the usual preference that cases be heard on the merits rather than resorting to sanctions that deprive a litigant of his day in court.").

Additionally, even if default was entered against Defendant Clear Blue, the Court would have set it aside for good cause. Federal Rule of Civil Procedure 55(c) provides that an entry of default may be set aside for good cause. In determining whether there is good cause, courts commonly

consider "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996) (internal citations omitted). These factors are not "talismanic" and courts have also considered other factors such as whether the defaulting party acted promptly to cure the default. Id. In this circumstance, the Court finds that Defendant Clear Blue's lapse was not willful, that setting aside the default would not prejudice Plaintiffs, and, finally, that Defendant Clear Blue acted promptly to cure the default.

First, the Court finds that Defendant Clear Blue's failure to timely file was not willful. Default is willful when the litigant displays "either an intentional or reckless disregard for the judicial proceedings." Id. at 951-52. Additionally, where a litigant takes actions to promptly cure default, courts are hesitant to find that the litigant acted willfully. See Auto Owners Ins. Co. v. Sapp, No. 1:15-CV-90 (LJA), 2017 WL 6210317, at *2 (M.D. Ga. Jan. 10, 2017); Joe Hand Promotions, Inc. v. Allen, No. CV 118-127, 2018 WL 5087233, at *1 (S.D. Ga. Oct. 18, 2018). Here, Defendant Clear Blue filed its special appearance answer on

the same day that Plaintiffs filed their Request for Clerk's Entry of Default. (Doc. 10.) Moreover, Defendant Clear Blue filed its Brief in Opposition to the Request for Entry of Default, or in the alternative, Motion to Set Aside Default two days after Plaintiffs requested default. (Doc. 13.) The Court finds that Defendant Clear Blue's delay is not willful as it promptly moved to cure any default.

Second, setting aside default would not prejudice Plaintiffs. To demonstrate prejudice, a plaintiff "has to show that the delay would result in a loss of evidence, increased opportunities for fraud, or discovery difficulties." Joe Hand, 2018 WL 5087233, at *2 (internal citations omitted). As this action was removed from the State Court of Chatham County, Georgia, in December 2018, the Court finds that setting aside default would not create discovery difficulties or otherwise prejudice Plaintiffs.

Finally, courts look at whether the defaulting party has presented a meritorious defense in determining whether there is good cause to set aside default. Compania, 88 F.3d at 951. This Court is not fully persuaded that Defendant Clear Blue has met its burden of showing a potentially meritorious defense. While a defendant need only show "a hint of a suggestion" of a meritorious defense, Defendant

4

Clear Blue's special appearance answer cited general defenses and did not include any specific facts to support those defenses. Joe Hand, 2018 WL 5087233, at *2 (citing Buonocore v. Credit One Bank, N.A., No. 3:14-CV-067, 2014 WL 6620623, at *2 (M.D. Ga. Nov. 21, 2014)). Regardless, whether Defendant Clear Blue has asserted a meritorious defense does not disturb this Court's finding that there would be good cause to set aside a default. The good cause analysis does not require that each factor be satisfied. Sherrard v. Macy's Sys. & Tech. Inc., 724 F. App'x 736, 739 (11th Cir. 2018). Further, this Court finds that the quick response by Defendant Clear Blue supports a finding of good cause. See id. at 738 (finding that the defendant's quick response supported a finding of good cause where the defendant filed a motion to set aside the entry of default just three days after the clerk's entry of default and one day after becoming aware of service). Defendant Clear Blue filed its special appearance answer on the same day that Plaintiffs requested default and then, two days later, responded in opposition to the request and moved in the alternative for default to be set aside.

As the Court finds that Defendant Clear Blue's lapse was not willful, that setting aside the default would not prejudice Plaintiffs, and that Defendant Clear Blue acted

5

promptly to cure the default, the Court finds that there would be good cause to set aside a default and this Court would have granted Defendant Clear Blue's Motion to Set Aside Default had the default been entered. Accordingly, Plaintiffs' Request for Clerk's Entry of Default (Doc. 9) is **DENIED** and Plaintiffs' Motion for Entry of Default Judgment (Doc. 15) is **DISMISSED AS MOOT**.

SO ORDERED this 7th day of February 2019.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA