# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| GREGORY TRAINOR and<br>KIMBERLY TRAINOR, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | CV418-289 |
| FLORIDA DIRT SOURCE, LLC,<br>et al., | ) <br> ) <br> ) | |
| Defendant. | ) | |

## ORDER

Before the Court is defendants' Motion to Compel Medical Examination of Plaintiff Gregory Trainor. For the following reasons, the motion, doc. 50, is **GRANTED**.

## ANALYSIS

Fed. R. Civ. P. 35 allows a "court where the action is pending [to] order a physical or mental examination by a suitably licensed or certified examiner." "A plaintiff in a negligence action who asserts mental of physical injury, places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964). Here,

plaintiff has alleged serious injuries relating to a car wreck including "permanent brain damage and other injuries." Doc. 1-2 at 2. Considering this, the Court concludes that defendants have provided sufficient good cause to conduct an independent medical exam. ("IME")

Plaintiff, however, has requested that the Court impose certain restrictions on the IME. These restrictions include:

a) That the costs for examination, travel, lodging, and any other expenditure in relation to the examination be borne by Defendants, including the costs of Plaintiff Kimberly Trainor as caretaker of Plaintiff Gregory Trainor;

b) That the examination be attended by counsel for Plaintiffs'

c) That the examination be recorded;

d) That Defendants' expert be restricted from performing any test or exercise already conducted under the *Schlagenhauf* factor;

e) That Defendants' expert be required to fully disclose the tests intended to be performed in order to determine whether further protective measures are warranted by this Court;

f) That the examination take place no later than 2 weeks from the entry of any order authorizing the same; and

g) For all other relief this Court deems just.

Doc. 51 at 14-15. While Rule 35 does not indicate the extent which conditions may be placed on an IME, courts have generally entered

2

protective orders after a showing of good cause pursuant to Fed. R. Civ. P. 26. *Calderon v. Reederei Claus-Peter Offen GMBH & Co.*, 258 F.R.D. 523, 524 (S.D. Fla. 2009). However, the party seeking the restrictions bears the burden of demonstrating that required good cause. *Id.* (citations omitted).

Plaintiff argues that the Court should require defendant to disclose what examinations are to be performed and prohibit the performance of any testing which has already been conducted. Doc. 51 at 4. The Court must, at this time, note that plaintiff had a medical examination performed by a plaintiff-referred physician after he received defendants' first request from defendants for an IME. No notice to defendants of this exam was given until after it was performed. Nevertheless, the Court agrees with plaintiffs, in part. Rule 35 requires the examining party to disclose the "scope of the examination." Accordingly, defendants shall have **ten days** from the date of this order to detail the testing to be performed by their examining physician. However, the Court will not restrict the testing—even if duplicative of tests performed by plaintiff's own medical examiner. *See e.g., Funez v. Wal-Mart Stores E., LP*, 2013 WL 123566, at * 7 (N.D. Ga. Jan 9, 2013) (finding IMEs necessary even

when other records are available because there are few substitutes for personal examination).

Likewise, the Court does not find good cause to require either attorney presence or a recording of the examination. Plaintiff argues that this will make the procedure more transparent and protect plaintiff's interests.[1] Doc. 51 at 6-13. Plaintiff waves at concerns about bias—although he presents no evidence in support of this allegation—and broadly argues in favor of his client's privacy rights. *Id.* The Court determines that such imposition into the IME would be unnecessary, improper and risk invalidating the procedure itself. *See Calderon*, 258 F.R.D. at 529-30 (collecting cases regarding presence of third parties); *see also Kropf v. Celebrity Cruises, Inc.*, 2014 WL 6682533, at *3 (S.D. Fla. Nov. 25, 2014); *Mantel v. Carnival Corp.*, 2009 WL 3247225, at *1 (S.D. Fla. Oct. 9, 2009) ("There is substantial case law within the Federal

---

[1] The most concerning of plaintiff's allegations is that counsel is required at his IME because he is a "grown adult whose mentality has reverted to a child-like state." Doc. 51 at 7. Plaintiff's counsel essentially suggests that he needs additional protection because of his severely impacted mental capacity. The Court cannot accede to this argument as Mr. Trainor is *sui juris* and there is no indication, beyond counsel's suggestion here, that a conservator or guardian has either been appointed to represent Mr. Trainor or is otherwise warranted.

Courts that expressly excludes third parties and any recording devices from a Rule 35 physical or mental examination.").

As to the payment of expenses, the Court notes that defendants have offered to reimburse certain expenses and detailed in the sur-reply. Doc. 53. Accordingly, the Court will require the payment of those expenses as offered.

## CONCLUSION

In conclusion, the Court **DIRECTS** defendants to provide a list of the examinations to be performed within ten days from the date of this order.[2] Plaintiff Gregory Trainor shall then appear at an Independent Medical Examination to be held no later than 30 days after receipt of the list of tests to be performed. The parties are **DIRECTED** to confer in good faith as to appropriate dates and times for the examination.[3] The Court **DENIES** plaintiffs' request for the presence of counsel at the examination, the recording of the examination, or to preclude any testing which has already been conducted. Finally, the Court **DIRECTS**

---

[2] Neither party should take this requirement as an opportunity to relitigate any of the issues already raised.
[3] The Court notes that the parties are represented by able and reasonable counsel. The Court is confident that they will be able to negotiate a reasonable arrangement without Court intervention.

5

defendants to pay plaintiffs' expenses for travel as detailed in docket entry 53.

**SO ORDERED,** this <u>7th</u> day of November, 2019.

_/s/ Christopher L. Ray_
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA